## No. 4513.

### STATE ex rel. J. T. MICHEL v. BENJAMIN CAMPBELL.

Where, on the fourth of April, 1870, Campbell was elected by the Council of the city of New Orleans, recorder of the Sixth District, the term of his appointment being for two years, and expiring, therefore, on the fourth of April, 1872, and where Michel was appointed in his place, by the Governor, on the twentieth of September, 1872, and on the twenty-fourth of September, 1872, the Council again elected Campbell;

Held—That, in a legal sense, the office was vacant on the fourth of April, 1872, and Campbell was only a tenant thereof at the will of the appointing power, and that, under the circumstances of the case, the appointing power was vested in the Governor, by the 1577th section of the R. S., and not in the Council of the city of New Orleans. The appointment being made by the Governor, there was no vacancy, and the subsequent election by the Council of another person, was the filling of a place which was not empty.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Charles S. Rice* and *William E. Whitaker*, for plaintiff and appellant. *Fellows & Mills*, for defendant and appellant.

MORGAN, J. On the fourth April, 1870, Campbell was elected by the Council of the city of New Orleans recorder of the Sixth District. The term of his appointment was for two years. It expired, therefore, on the fourth April, 1872.

Michel was appointed to fill the vacancy by the Governor on the twentieth September, 1872. On the twenty-fourth September, 1872, the Council again elected Campbell.

Michel now claims his office under the commission of the Governor, issued four days before the second election of Campbell.

Campbell contends that he is entitled to the office by reason of his election by the Council.

Under this state of facts the question is who is entitled to the office ?

It is clear that Campbell's term of office expired on the fourth April, 1872. He held over, it is true, but this he did under the general provisions of the law which retain all officers in their positions until their successors have been appointed and qualified. In a legal sense the office was vacant, and Campbell was only a tenant thereof at the will of the appointing power. Under the law where did this appointing power lie—the Council having permitted the vacancy to occur ? We think the answer is to be found in the 1577th section of the Revised Statutes which provides that, "Whenever a vacancy occurs in any office, State, parish, or municipal, in this State, now existing, or which

State ex rel. Michel v. Campbell.

may hereafter be created, from death, resignation, or from any other cause whatever, the mode of filling which is not provided for in the constitution, all such vacancies shall be filled, if they be State or parish offices, by appointment by the Governor, with the advice and consent of the Senate, which appointment shall be for the entire unexpired term of such vacant office. If the Senate be not in session at the time the appointment is made, the vacancy shall be filled by appointment by the Governor, which appointment shall expire on the third Monday after the meeting of the next session of the General Assembly thereafter, unless the time for which the vacancy exists expires sooner; and if the time of such vacancy has not expired, it shall then be the duty of the Governor to fill such unexpired vacancy by appointment, by and with the advice and consent of the Senate; and if it be a municipal office, the vacancy must be filled by appointment by the Governor for the unexpired term of the person whose office is so vacated."

The office of recorder of the Sixth District of this city is not a constitutional office, nor is the mode of filling a vacancy occurring therein provided for in that instrument. It is the creation of the Legislature, and the appointments thereto are regulated by the Legislature; and the Legislature having provided that any vacancy occurring in a State, parish, or municipal office, not provided for by the constitution, shall be filled by the Governor; and the office in question being vacant, from the fact that the term of office of the incumbent had expired, it follows that the Governor had the right to make the appointment. The appointment made, there was no vacancy, and the subsequent election by the Council, of another person, was the filling of a place which was already occupied.

These being our views, it follows that Michel, the relator, is entitled to the office which he claims, and that the judgment giving it to Campbell is erroneous.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided, annulled and reversed, and that there be judgment in favor of the relator, declaring him to be entitled to the office of recorder of the Sixth District of the city of New Orleans, and that he be placed in possession thereof; appellee to pay the costs in both courts. .

HOWELL, J., *dissenting.* I can not concur in the opinion that there was such a vacancy in the office, as is contemplated in the general law embraced in section 2606 R. S.

A careful reading of that law will, I think, lead to the construction, as the only correct one, that the vacancy contemplated is one that occurs by some act or event during a current term and not by the

expiration of a preceding term, as held by the majority of the court. The expression or phrase, "for the entire unexpired term of such vacant office," implies that the office had been properly filled for a part of the term, and by some event had become vacant, making it necessary for some one to be immediately placed in the office, so that the public interests should not suffer.

In this case no such vacancy had occurred. Under the city charter the defendant was elected Recorder by the City Council for two years from the fourth of April, 1870, and by the same law, as well the State constitution, he was authorized and required to continue to fill the said office until his successor was duly elected and qualified, and that election was, by the law creating the office, committed to the City Council. See act No. 7, extra session of 1870, section 31 and last clause of section 7.

It was by this law made the duty of the Council, not on a particular day, but as soon as practicable, to elect the recorder, who was to hold office for two years, and at the expiration thereof to continue in the discharge of his duties, which the defendant was doing; and he was rightfully doing so by a legal tenure, and hence there was no vacancy to authorize the executive action. The City Council has the right, and it was its duty at the beginning of this second term, to elect a recorder for another two years, but its failure to do so on or before the first day of said second term did not produce a vacancy, for the city charter, creating the office, provided for the contingency. If the doctrine of the majority opinion is correct, the Governor had the right, I think, on the first day of the second term to make the appointment, provided only his action preceded, by a moment of time, the action which the Council might take on the same day. The law never contemplated any such race or test of speed in filling offices. In my opinion, the Governor had no authority under the circumstances to appoint the relator.

Rehearing refused.